**W.J. GRAY, Jr., Plaintiff–Appellant,**

v.

**CITY OF JACKSON, et al., Defendants–Appellees.**

No. 02–5196.

United States Court of Appeals, Sixth Circuit.

June 25, 2003.

Before BOGGS and GILMAN, Circuit Judges; and MARBLEY, District Judge.*

*ORDER*

W.J. Gray, Jr., proceeding pro se, appeals a district court judgment dismissing his civil rights complaint, which the court construed to be filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio sitting by designation.

By way of background, the complaint indicates that Gray was indicted for armed robbery in January 1984 and that he was held in prison while awaiting trial. During a hearing on a motion to suppress, a female witness testified that God had told her that Gray was the perpetrator of the crime. Although Gray indicated that the trial judge granted his motion to suppress the identification by this witness, he also indicated that the witness testified against him at trial. He claimed that he spent another five months in a maximum-security prison awaiting trial. During the trial, a male witness also identified Gray as the perpetrator. Nonetheless, Gray was eventually acquitted of the charge. In February 1985, Gray sued the City of Jackson, Tennessee, asserting a claim of malicious prosecution. The district court for the Western District of Tennessee dismissed the complaint for failure to state a claim. *Gray v. City of Jackson,* No. 85–1030 (W.D.Tenn. Apr. 21, 1986), *appeal dismissed,* No. 87–6383, 1988 WL 45996 (6th Cir. May 11, 1988). Subsequently, a second action challenging the female witness's testimony and his incarceration in a maximum-security prison was dismissed. *Gray v. Tennessee,* No. 94–2010 (W.D.Tenn. Jan 12, 1994).

On October 21, 2001, Gray filed a document entitled "Petition for Writ of Error Coram Nobis Pursuant [to] T.C.A. § 27–7–101 Right to Relief," which the court construed as a civil rights complaint. Seeking monetary relief, Gray sued the City of Jackson, Tennessee, the State of Tennessee, and Madison County. Gray essentially challenged the proceedings surrounding the 1984 robbery charge. Specifically, he claimed that: 1) he was denied his right to a speedy trial; 2) he was subjected to malicious prosecution; 3) a witness improperly based her testimony on "advice" from God; and 4) his bail was excessive. The district court dismissed the complaint

because it was filed beyond the applicable statute of limitations, and because the claims were barred by res judicata/collateral estoppel. On appeal, Gray essentially reasserts his claims and argues that the district court improperly dismissed his complaint. He has also filed a motion in which he appears to seek a default judgment against the defendants.

Upon review, we conclude that the district court properly dismissed Gray's complaint pursuant to § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Section 1915(e) requires district courts to screen cases at the moment of filing and to sua sponte dismiss those that are frivolous or fail to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2); *McGore,* 114 F.3d at 612. A complaint may be dismissed as frivolous if the claims lack an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The district court properly concluded that Gray's complaint was barred by the applicable statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia,* 471 U.S. 261, 268–69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The one-year statute of limitations period contained in Tenn.Code Ann. § 28–3–104(a) applies to civil rights claims arising in Tennessee. *Jackson v. Richards Med. Co.,* 961 F.2d 575, 578 (6th Cir.1992). A statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996). Here, a review of the complaint clearly establishes that all of the events about which Gray complained of occurred in 1984 and 1985, more than sixteen years prior to the filing of his current complaint.

Gray was clearly aware of his cause of action because he was present for the complained of events. Hence, the complaint is clearly untimely.

■ We also conclude that the district court properly determined that Gray's complaint is barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment on the merits is an absolute bar to a subsequent action between the same parties or their privies based upon the same claims or causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995). The doctrine precludes re-litigation of claims actually litigated as well as claims that could have been litigated. *See Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir.1997). Res judicata is established with four elements; 1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; 2) the second action involved the same parties or their privies as the first; 3) the second action raises issues actually litigated or which should have been litigated in the first action; and 4) there is an identity of the causes of action. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997).

A review of the record reflects that these four elements have been met in this case. First, Gray previously filed two lawsuits, challenging various aspects of his 1984 trial, that were dismissed on the merits by courts of competent jurisdiction. Second, Gray's current action involves the same parties (the State of Tennessee and the City of Jackson) or their privies (Madison County) as his prior lawsuits. Third, Gray's current action raises issues that were actually litigated (malicious prosecution and the propriety of the female witness's testimony) or that should have been litigated (denial of a speedy trial and excessive bail) in his prior lawsuits. Likewise, there is an identity of the causes of action. For these reasons, Gray's current complaint is barred by the doctrine of res judicata.

Accordingly, we deny the motion for miscellaneous relief and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.